## MARY E. BRENNAN, LIBELANT
### *vs.*
## JOHN L. BRENNAN, LIBELEE
### AND GREAT NORTHERN PAPER COMPANY, TRUSTEE.

Penobscot County. Decided November 18, 1930. The case comes up on exceptions to the granting of a motion to dismiss a divorce libel on the ground that the residence of the libelee was not stated in the libel, as provided in Sec. 4 of Chap. 65, R. S. (1916), and that therefore the court lacked jurisdiction.

A divorce libel in the usual form and signed by the libelant was inserted in a writ of attachment in which the Great Northern Paper Company was named as Trustee. The writ contained the command "to attach the goods and estate of John L. Brennan of Brewer, in

the County of Penobscot and State of Maine," but in the body of the libel or petition the residence of the libelee was not named, nor was the residence stated in any place other than as above indicated.

The docket entries show that the libelee, through counsel, entered a general appearance. Actual notice was obtained on the libelee as required by the above statute.

The contention of the libelee is that a libel for divorce is a complete petition in itself and should set out all matters which are required by statute, and that the residence of the libelee not being named in the libel or petition, such omission or failure can not be cured by the fact that the residence is named or stated in the writ in which the libel is inserted, the evident contention being that the writ is no part of the libel and that the statement as to the residence in the writ is not in compliance with the statute which provides that the residence, when it can be ascertained, "shall be named in the libel."

The contention of the libelant was in effect that when the libel was inserted in the writ the two papers were merged in legal effect and formed one instrument, that instrument still being the libel, and that it was sufficient compliance with the statute that the residence was named in that part called the writ.

After full consideration of the case, a majority of the court having failed to agree as to either contention, the entry will be, Exceptions overruled. *George E. Thompson*, for libelant. *Michael Pilot*, for libelee.